IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUSTIN EDWARD LIGHTFEATHER,

Plaintiff,

vs.

TINA BROWNING, Psychologist, individual
capacity;

Defendant.

**8:22CV268**

**MEMORANDUM AND ORDER**

This matter is before the Court on its own motion. On August 11, 2022, the Court required Plaintiff Austin Edward Lightfeather to show cause why he is entitled to proceed in forma pauperis ("IFP") in this action, Filing No. 4, because this Court identified three or more federal court cases brought by Plaintiff, while a prisoner, that were dismissed as frivolous or for failure to state a claim as follows:

- *Lightfeather v. Prey et al*, No. 8:21-cv-00211-RGK-PRSE (D. Neb.) (Filing Nos. 15 & 16, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on April 8, 2022, after Plaintiff failed to amend complaint);

- *Lightfeather v. Green et al*, No. 8:21-cv-00208-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 12, 2021, after Plaintiff failed to amend complaint);

- *Lightfeather v. Ricketts et al*, No. 8:21-cv-00165-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 7, 2021, after Plaintiff failed to amend complaint);

- *Lightfeather v. City of Lincoln*, No. 4:20-cv-03118-RGK-PRSE (D. Neb.) (Filing Nos. 112 & 113, Memorandum and Order and Judgment dismissing Plaintiff's

second amended complaint on May 24, 2021, for failure to state a claim and for being frivolous);

- *Lightfeather v. Beatrice Sun Times, et al*, No. 8:21-cv-00114-RGK-PRSE (D. Neb.) (Filing Nos. 14 & 15, Memorandum and Order and Judgment dismissing Plaintiff's complaint on May 19, 2021, as frivolous).

After considering Plaintiff's response to the Court's show cause order and the Complaint, and the IFP motions, the Court finds his allegations fail to establish a threat of serious injury sufficient to overcome the "three strikes" bar to proceeding IFP as set forth in the Prison Litigation Reform Act ("PLRA").

The PLRA prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). "[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . [and] the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

In his Complaint, Plaintiff alleges that Defendant made a predetermined assessment of Plaintiff's mental capacity because her views on women's rights conflicted with disability rights. Filing No. 1 at CM/ECF p. 1. He alleges Defendant recorded their conversations and disclosed them to the media. Filing No. 1 at CM/ECF p. 2. He also claims that Defendant falsified an assault claim against Plaintiff and called Plaintiff a derogatory name. Filing No. 1 at CM/ECF p. 2. Plaintiff claims Defendant's actions violated his privacy rights under HIPPA and the Fifth and Fourteenth Amendments. He seeks an order directing that Defendant "step down as clinical psychologist" and requests

that the Court "ignore" the recording she provided to any courts. Filing No. 1 at CM/ECF p. 2. The Complaint does not allege any present threat of physical danger to Plaintiff.

Plaintiff also filed a response, Filing No. 5, and supplement, Filing No. 6, to the Court's Order to Show Cause, Filing No. 4. Plaintiff's response to the Order to Show Cause is primarily a legal argument against the way the Court has interpreted 28 U.S.C. § 1915(g). Plaintiff's response alleges the undersigned is violating Plaintiff's due process rights by reviewing Plaintiff's motions for leave to proceed in forma pauperis under 28 U.S.C. § 1915(g) in the several cases Plaintiff has recently filed. Filing No. 5 at CM/ECF p. 1. Plaintiff argues that § 1915 is "way too open to interpretation" by judges who do not want to hear the cases on the merits. Filing No. 5 at CM/ECF p. 2. The Court, however, is required to apply the PLRA's three strikes provision in 28 U.S.C. § 1915(g) to Plaintiff's request to proceed IFP because Plaintiff has three or more previous dismissals for the reasons enumerated in the statute. Plaintiff's response also challenges the merits of the orders dismissing his prior cases, id. at CM/ECF pp. 2-4, 5; alleges discrimination on the basis of Plaintiff's religion and disability, id. at CM/ECF pp. 3, 4; and generally alleges mistreatment by prison officials and other inmates, id. at CM/ECF p. 4.

Plaintiff does not allege any facts indicating he is currently suffering physical injury or facing future physical injury in either his Complaint or in any documents he submitted after the order to show case was entered by the Court. While Plaintiff's response alleges abuse on the part of jail officials and other inmates, there is no allegation that he faces imminent future physical injury, much less that the relief he seeks in the Complaint would resolve such a threat. Therefore, Plaintiff cannot satisfy the imminent danger of serious physical injury standard as he makes no claim of actual or potential physical harm.

3

For the foregoing reasons, the court finds that Plaintiff has failed to demonstrate that he is under imminent danger of serious physical harm and he, therefore, is prohibited from proceeding IFP pursuant to 28 U.S.C. § 1915(g).  Because Plaintiff has not paid the $402.00 filing and administrative fees and for lack of good cause shown, this matter is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Motions for Leave to Proceed in Forma Pauperis contained in his Complaint, Filing No. 1, is denied.

2.      This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

3.      Any notice of appeal filed by Plaintiff must be accompanied by the $505.00 appellate filing fee because Plaintiff will not be allowed to proceed in forma pauperis on appeal.


Dated this 20th day of September, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge